RECEIVED
IN ALEXANDRIA, LA

JAN -5 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JOE L. BATTLE (#124689) | DOCKET NO. 09-cv-1446; SEC. P |
|---|---|
| VERSUS | JUDGE DEE D. DRELL |
| VICTOR JONES | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Joe L. Battle (#124689), pro se and in forma pauperis, on August 10, 2009. Battle is incarcerated at the Natchitoches Parish Detention Center (NPDC) in Natchitoches, Louisiana. Plaintiff seeks compensatory damages and injunctive relief in the form of proper medical care. Plaintiff named as the defendant Sheriff Victor Jones.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

### FACTUAL BACKGROUND

Plaintiff arrived at the NPDC on April 30, 2009, at which time he notified the deputies that he needed a bottom bunk. He was not assigned a bottom bunk at that time. Sometime thereafter, Plaintiff fell from the top bunk, and only then was he assigned a bottom bunk. Plaintiff alleges that Sheriff Victor Jones at the NPDC is liable for negligence in assigning Plaintiff a top bunk. He seeks compensatory damages and injunctive relief in the form of

"proper medical care."

## LAW AND ANALYSIS

**1. Negligence**

Plaintiff claims that he was injured through the negligence of the defendant in not assigning him to a bottom bunk upon his arrival at NPDC. He has not asserted a civil rights violation cognizable under Section 1983. The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986). Negligence does not support a Section 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); Hare v. City of Corinth, 74 F.3d 633, 641-42, 646 (5th Cir. 1996)(negligence insufficient to support failure to protect claim under Section 1983); Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir. 1986)(citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)).

A prison official violates his constitutional duty when, by act or omission, he is *deliberately indifferent* to conditions that pose a substantial risk of serious harm to an inmate. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2)

the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. Thompson v. Upshur County, Texas, 245 F.3d 447, 458-59 (5th Cir. 2001). "[D]eliberate indifference cannot be inferred merely from **a negligent or even a grossly negligent response** to a substantial risk of serious harm." Thompson, 245 F.3d at 459 (emphasis added). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). Wanton is defined as unreasonably or maliciously risking harm while being utterly indifferent to the consequences. Black's Law Dictionary (8th ed. 2004). A violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's ... safety." See Whitley v. Albers, 475 U.S. 312, 319 (1986).

Plaintiff's allegation that the defendant was negligent cannot serve as the basis for a § 1983 claim. See Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir. 1986)(citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)).

2. **Supervisory Liability**

Even if Plaintiff had alleged deliberate indifference, Plaintiff seeks to hold the sheriff liable for the acts of his deputies in failing to assign Plaintiff a bottom bunk. "Supervisory officials may be held liable only if: (i) they

3

affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993). "Vicarious liability does not apply to §1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied,* 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied,* 464 U.S. 897 (1983). Plaintiff has not alleged either personal involvement or the implementation of unconstitutional policies by Sheriff Victor Jones. Therefore, Plaintiff fails to state a claim for which relief can be granted.

### 3.  Injunctive Relief

Plaintiff seeks injunctive relief in the form of "proper medical care." To obtain a preliminary injunction, a plaintiff must demonstrate (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted, (3) that Plaintiff's threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. See Planned Parenthood of Houston & Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005). Injunctive relief in the form of

4

"superintending federal injunctive decrees directing state officials" is an extraordinary remedy. <u>Morrow v. Harwell</u>, 768 F.2d 619, 627 (5th Cir. 1985). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that an injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." <u>PCI Transportation Inc. v. Fort Worth & Western Railroad Co.</u>, 418 F.3d 535, 545 (5th Cir. 2005)(citations omitted). Also, because this case concerns prison conditions, the Prison Litigation Reform Act (the "PLRA") imposes additional restrictions on the authority to grant an injunction.[1]

Plaintiff has not presented allegations of a substantial threat that he will suffer irreparable injury if the injunction is not granted. He has not indicated what kind of medical care he believes he needs or why. Plaintiff has not alleged that he suffered any injury that required treatment as a result of falling

---

[1] The PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). In particular, the PLRA prohibits an order granting prospective relief or a preliminary injunction unless the court first finds that such relief is: (1) narrowly drawn; (2) extends no further than necessary to correct the harm; and (3) is the least intrusive means necessary to correct that harm. See 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2). In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned. See 18 U.S.C. §§ 3626(a)(1)(B), 3626(a)(2).

from the top bunk, that he sought medical treatment for any other ailment, or that he was ever denied medical treatment. A plaintiff's disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas**

**v. United Services Automobile Association**, **79 F.3d 1415 (5th Cir. 1996).**

    THUS DONE AND SIGNED at Alexandria, Louisiana, this 4th day of Jan~~2009~~ 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE